## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,      )
425 Third Street SW, Suite 800  )
Washington, DC 20024,      )
                               )
        Plaintiff,        )
                               )     Civil Action No.
v.                           )
                               )
U.S. DEPARTMENT OF JUSTICE, )
950 Pennsylvania Avenue NW   )
Washington, DC 20530-0001,   )
                               )
        Defendant.      )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.       Defendant U.S. Department of Justice is an agency of the United States Government.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.  Defendant is headquartered at U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5.       Before the 2008 presidential elections, federal agents had been investigating Illinois Governor Rod Blagojevich and his associates for corruption.  *U.S. v. Blagojevich*, 794 F.3d 729, 733 (7th Cir. 2015).  When then-Illinois Senator Barack Obama was elected president in November 2008, Blagojevich had the opportunity to appoint a successor to U.S. Senate seat being vacated by President-Elect Obama.  *Id.*  Through intermediaries of both the Governor and the President-Elect, Blagojevich sought a favor from President-Elect Obama in exchange for appointing Obama aide Valerie Jarrett, who Blagojevich perceived as the person Obama would like to have succeed him.  *Id.*  Blagojevich sought an appointment to the Cabinet or for the President-Elect to persuade a foundation to hire him at a substantial salary after his term had ended.  *Id.*  In the alternative, Blagojevich asked President-Elect Obama to find someone to donate $10 million and set up a new "social-welfare" organization that Blagojevich would control.  *Id.*  When the President-Elect declined to make a deal, Blagojevich turned to supporters of Rep. Jesse Jackson, Jr., offering the U.S. Senate appointment in exchange for a $1.5 million "campaign contribution."  *Id.*  Blagojevich broke off negotiations with Rep. Jackson's supporters when Blagojevich learned he was being wiretapped by federal investigators.  *Id.*  He

subsequently was arrested. *Id.* He was tried twice, in 2010 and again in 2011, and convicted on multiple charges.

6.     On June 1, 2011 Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking the following:

> i.     Records of any and all FBI interviews with Barack Obama concerning or relating to Rod Blagojevich, including but not limited to notes, summaries, and recordings of the interview.
>
> ii.    Records of any and all FBI interviews with Rahm Emanuel concerning or relating to Rod Blagojevich, including but not limited to notes, summaries, and recordings of the interview.
>
> iii.   Records of any and all FBI interviews with Valerie Jarrett concerning or relating to Rod Blagojevich, including but not limited to notes, summaries, and recordings of the interview.
>
> iv.    All records concerning or relating to any of the aforementioned interviews with Barack Obama, Rahm Emanuel, or Valerie Jarrett.

The timeframe of the request was identified as "December 1, 2008 to January 1, 2009." The request was submitted via facsimile and certified mail.

7.     By letter dated June 18, 2012, the FBI confirmed the existence of the requested records, but denied the request, asserting that the records were located in an investigative file and were exempt from disclosure under FOIA Exemption 7(A). The letter, signed by Record/Information Dissemination Section Chief David M. Hardy stated, "I have determined that the records responsive to your request are law enforcement records; that there is a pending or prospective law enforcement proceeding relevant to these requests; and that the release of the information contained in these responsive records could reasonably be expected to interfere with the enforcement proceedings." The letter also noted that the request had been designated FOIPA Request No.: 1190616-000.

8.      On August 16, 2012, Plaintiff filed a timely administrative appeal of the denial of its request at the Office of Information Policy, U.S. Department of Justice ("OIP").

9.      By letter dated August 31, 2012, OIP acknowledged receiving Plaintiff's administrative appeal on August 17, 2012 and noted that the appeal had been designated AP-2012-03195.

10.     By letter dated January 23, 2013, OIP affirmed the FBI's denial of the request, asserting, "The FBI properly withheld this information in full because it is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(A).  This provision concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to interfere with enforcement proceedings."

11.     On information and belief, the "enforcement proceedings" to which the requested records related when Plaintiff's request was denied was the then-ongoing criminal prosecution of former Illinois Governor Rod Blagojevich in the United States District Court for the Northern District of Illinois, *United States v. Blagojevich*, 1:08-cr-00888 (N.D. Ill.).

12.     Over the course of the two trials, Blagojevich was convicted of a total of eighteen separate criminal offences.  He was sentenced to 168 months' imprisonment on the counts that authorize 20-year maximum terms and lesser terms on all other counts.  All sentences run concurrently.

13.     Blagojevich appealed his convictions to the U.S. Court of Appeals for the Seventh Circuit, which overturned five of the convictions on July 21, 2015 and affirmed the remainder. *United States v. Blagojevich*, *supra* ("Seventh Circuit" or "Court of Appeals").  It also affirmed Blagojevich's sentence of 168 months' imprisonment on the counts that authorize 20-year maximum terms and lesser terms on all other counts, all sentences to run concurrently.

*Blagojevich*, 794 F.3d at 733.  In so doing, the Court of Appeals expressly found that any error in

the District Court's calculation of the Federal Sentencing Guidelines "went in Blagojevich's

favor." *Id.* at 743.

14.     Because the Seventh Circuit remanded the case for retrial on the vacated counts,

however, it also remanded the case for "re-sentencing across the board." *Id.* at 738.  Regarding

Blagojevich's sentence, the Seventh Circuit found:

> Removing the convictions on [Counts 5, 6, 21, 22, and 23) does not affect the
> range calculated under the Guidelines.  It is not possible to call 168 months
> unlawfully high for Blagojevich's crimes, but the district judge should consider
> on remand whether it is the most appropriate sentence. . . . Because we have
> affirmed the convictions on most counts and concluded that the advisory sentence
> range lies above 168 months, Blagojevich is not entitled to be released pending
> these further proceedings.

*Id.* at 743.  In short, it found a sentence of 168 months entirely proper.

15.     On March 28, 2016, the U.S. Supreme Court denied Blagojevich's petition for

writ of certiorari seeking to challenge the outcome of his appeal. *Blagojevich v. United States*,

136 S. Ct. 1491 (2016).  On May 23, 2016, the U.S. Supreme Court denied Blagojevich's

petition for rehearing of the denial of his petition for writ of certiorari. *Blagojevich v. United

States*, 136 S. Ct. 2386 (2016).

16.     Prosecutors subsequently elected not to retry Blagojevich on the vacated counts

and, on August 12, 2016, the District Court re-sentenced Blagojevich to the same 168-months'

sentence to which it had sentenced Blagojevich previously.

17.     While Blagojevich has appealed his re-sentencing to the same appellate court that

previously upheld the very same sentence, under the circumstances it cannot be said that release

of the requested records could reasonably be expected to interfere with whatever is left of

Blagojevich's criminal prosecution.  The public should not be forced to wait any longer to

review the FBI 302s of President Obama, former White House Chief of Staff and now City of
Chicago Mayor Rahm Emmanuel, or Senior Advisor to the President Valerie Jarrett while
Blagojevich pursues his second, plainly futile appeal.

**COUNT I**
**(Violation of FOIA, 5 U.S.C. § 552)**

18.    Plaintiff realleges paragraphs 1 through 17 as if fully stated herein.

19.    Defendant is violating FOIA by failing to produce all records responsive to
Plaintiff's request or demonstrate that the requested records are lawfully exempt from
production.

20.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA,
and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply
with FOIA.

21.    Plaintiff has exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to
demonstrate that it employed search methods reasonably calculated to uncover all records
responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-
exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive
records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold
any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an
award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to
5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and
proper.

Dated:  September 21, 2016

Respectfully submitted,

*/s/ Paul J. Orfanedes*

Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
(202) 646-5172

*Counsel for Plaintiff*