**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUDICIAL WATCH, INC.,

               *Plaintiff*,

     v.                                   Civil Docket No. 16-cv-1888 (RMC)

U.S. DEPARTMENT OF JUSTICE,

               *Defendant*.

## <u>DEFENDANT'S ANSWER</u>

Defendant United States Department of Justice, by and through its undersigned counsel, hereby answers the Complaint of Judicial Watch, Inc. ("Plaintiff") as follows:

No answer is required for the Complaint's unnumbered introductory paragraph because it does not set forth a claim for relief or allege facts in support of a claim, but contains only Plaintiff's characterization of the relief sought in this action. To the extent that an answer is deemed required, Defendant denies the allegations.

1.      No answer is required for paragraph 1 because it contains conclusions of law regarding jurisdiction.

2.      No answer is required for paragraph 2 because it contains conclusions of law regarding venue.

3.      Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 3 and therefore denies the allegations.

4.      Defendant admits the allegations contained in the first sentence of paragraph 4. No answer is required for the second sentence because it sets forth Plaintiff's conclusions of law.

Defendant admits that the main office of the U.S. Department of Justice is located at 950 Pennsylvania Ave. NW, Washington, D.C. 20530.

5.      The allegations set forth in paragraph 5 are irrelevant to the FOIA claim raised in this lawsuit; Defendant therefore denies that they constitute a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required under Fed. R. Civ. P. 8(a)(2). Defendant respectfully refers the Court to the underlying opinion cited in Plaintiff's complaint for its full and complete contents.

6.      Defendant admits that the Federal Bureau of Investigation ("FBI") received a letter from Plaintiff dated June 1, 2011.  Defendant respectfully refers the Court to the letter, attached hereto as Exhibit A, for its full and complete contents.

7.      Defendant admits that the FBI sent a letter to Plaintiff dated June 18, 2012. Defendant respectfully refers the Court to the letter, attached hereto as Exhibit B, for its full and complete contents.

8.      No answer is required for paragraph 8 because it contains conclusions of law.  To the extent that an answer is deemed required, Defendant admits only that the Office of Information Policy ("OIP") received an administrative appeal from Plaintiff, dated August 16, 2012, and respectfully refers the Court to the original document, attached hereto as Exhibit C, for its full and complete contents.

9.      Defendant admits the allegations contained in paragraph 9.

10.     No answer is required for paragraph 10 because it contains conclusions of law. To the extent that an answer is deemed required, Defendant admits only that OIP sent a letter to Plaintiff dated January 23, 2013.  Defendant respectfully refers the Court to the letter, attached hereto as Exhibit D, for its full and complete contents.

11.     No answer is required for paragraph 11 because it contains conclusions of law. To the extent that an answer is deemed required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, which pertain to the "information and belief" of Plaintiff.

12.     The allegations set forth in paragraph 12 are irrelevant to the FOIA claim raised in this lawsuit; Defendant therefore denies that they constitute a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required under Fed. R. Civ. P. 8(a)(2). Defendant respectfully refers the Court to the underlying opinion cited in Plaintiff's complaint for its full and complete contents.

13.     The allegations set forth in paragraph 13 are irrelevant to the FOIA claim raised in this lawsuit; Defendant therefore denies that they constitute a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required under Fed. R. Civ. P. 8(a)(2). Defendant respectfully refers the Court to the underlying opinion cited in Plaintiff's complaint for its full and complete contents

14.     The allegations set forth in paragraph 14 are irrelevant to the FOIA claim raised in this lawsuit; Defendant therefore denies that they constitute a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required under Fed. R. Civ. P. 8(a)(2). Defendant respectfully refers the Court to the underlying opinion cited in Plaintiff's complaint for its full and complete contents.

15.     The allegations set forth in paragraph 15 are irrelevant to the FOIA claim raised in this lawsuit; Defendant therefore denies that they constitute a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required under Fed. R. Civ. P. 8(a)(2).

Defendant respectfully refers the Court to the underlying documents cited in Plaintiff's complaint for their full and complete contents.

16.     The allegations set forth in paragraph 16 are irrelevant to the FOIA claim raised in this lawsuit; Defendant therefore denies that they constitute a short and plain statement of the claim showing that Plaintiff is entitled to relief, as required under Fed. R. Civ. P. 8(a)(2). Defendant respectfully refers the Court to the underlying court documents referenced in Plaintiff's complaint for their full and complete contents.

17.     The allegations in the first sentence of paragraph 17 set forth a legal conclusion to which no response is required, but to the extent an answer is deemed required, Defendant denies the allegations.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.

18.     Defendant incorporates its responses to paragraphs 1 through 17.

19.     No answer is required for paragraph 19 because it contains conclusions of law. To the extent an answer is required, Defendant denies the allegations.

20.     Denied.

21.     No answer is required for paragraph 21 because it contains conclusions of law regarding administrative exhaustion.

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief that it seeks or to any other relief in this action.

Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

## **FIRST DEFENSE**

Plaintiff is not entitled to compel the release of records protected from disclosure by one or more exemptions under FOIA, 5 U.S.C. § 552.

## **SECOND DEFENSE**

The Court lacks subject matter jurisdiction over Plaintiff's claims insofar as Plaintiff seeks relief exceeding that authorized under FOIA, 5 U.S.C. § 552.

Dated:  December 1, 2016                    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney for the District of Columbia

ELIZABETH J. SHAPIRO
Deputy Director

*/s/ Michael H. Baer*
MICHAEL H. BAER
Trial Attorney (New York Bar No. 5384300)
U.S. Department of Justice,
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone:      (202) 305-8573
Facsimile:      (202) 616-8460
E-mail:          Michael.H.Baer@usdoj.gov

*Counsel for the Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 1, 2016, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of electronic filing to the parties.

*/s/ Michael H. Baer*
MICHAEL H. BAER