425 Third St. SW, Suite 800
Washington, DC 20024
Phone: 202-646-5172
Fax: 202-646-5199

# Judicial Watch

# Fax

| To: | David Sobonya<br>FOI/PA Public Information Officer | From: | Matthew Kownacki<br>Judicial Watch |
|---|---|---|---|
| Fax: | (540) 868-4391 | Date: | May 10, 2012 |
| Re: | Freedom of Information Act Request | Pages: | 4 (including cover) |

☒ Urgent   ☐ For Review   ☐ Please Comment   ☒ Please Reply   ☐ Please Recycle

•Comments: Included is the original request as it was sent last year. Below is the return receipt for the request sent via Certified Mail (No. 7010 3090 0001 2043 8738).



■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _____ ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )
E. Norris

C. Date of Delivery
4/3/..

1. Article Addressed to:

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article (Tran)
1336

PS Form ... February 2004  Domestic Return Receipt  102595-02-M-1540



## Judicial Watch
*Because no one is above the law*

June 1, 2011

**VIA CERTIFIED MAIL & FACSIMILE**

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4495

**Re: Freedom of Information Act Request**

Dear Mr. Hardy:

Pursuant to the provisions of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Judicial Watch, Inc. hereby requests that the Federal Bureau of Investigation (FBI) produce the following within twenty (20) business days:

1. Records of any and all FBI interviews with Barack Obama concerning or relating to Rod Blagojevich, including but not limited to notes, summaries, and recordings of the interview.
2. Records of any and all FBI interviews with Rahm Emanuel concerning or relating to Rod Blagojevich, including but not limited to notes, summaries, and recordings of the interview.
3. Records of any and all FBI interviews with Valerie Jarrett concerning or relating to Rod Blagojevich, including but not limited to notes, summaries, and recordings of the interview.
4. All records concerning or relating to any of the aforementioned interviews with Barack Obama, Rahm Emanuel, or Valerie Jarrett.

The timeframe for this request is December 1, 2008 to January 1, 2009.

We call your attention to President Obama's January 21, 2009 Memorandum concerning the Freedom of Information Act, in which he states:

> All agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA...The presumption of disclosure should be applied to all decisions involving FOIA.[1]

---
[1] Freedom of Information Act. Pres. Mem. of January 21, 2009, 74 Fed. Reg. 4683.

425 Third St., SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: info@JudicialWatch.org • www.JudicialWatch.org

FBI
June 1, 2011
Page 2 of 3

The memo further provides that "The Freedom of Information Act should be administered with a clear presumption: In the case of doubt, openness prevails."

Nevertheless, if any responsive record or portion thereof is claimed to be exempt from production under FOIA, please provide sufficient identifying information with respect to each allegedly exempt record or portion thereof to allow us to assess the propriety of the claimed exemption. *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974). In addition, any reasonably segregable portion of a responsive record must be provided, after redaction of any allegedly exempt material. 5 U.S.C. § 552(b).

For purposes of this request, the term "record" shall mean: (1) any written, printed, or typed material of any kind, including without limitation all correspondence, memoranda, notes, messages, letters, cards, facsimiles, papers, forms, telephone messages, diaries, schedules, calendars, chronological data, minutes, books, reports, charts, lists, ledgers, invoices, worksheets, receipts, returns, computer printouts, printed matter, prospectuses, statements, checks, statistics, surveys, affidavits, contracts, agreements, transcripts, magazine or newspaper articles, or press releases; (2) any electronically, magnetically, or mechanically stored material of any kind, including without limitation all electronic mail or e-mail; (3) any audio, aural, visual, or video records, recordings, or representations of any kind; (4) any graphic materials and data compilations from which information can be obtained; and (5) any materials using other means of preserving thought or expression.

Judicial Watch also hereby requests a waiver of both search and duplication fees pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (a)(4)(A)(iii). Judicial Watch is entitled to a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it is a member of the news media. *Cf. National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989)(defining news media within FOIA context). Judicial Watch has also been recognized as a member of the news media in other FOIA litigation. *See, e.g., Judicial Watch, Inc. v. U.S. Department of Justice*, 133 F. Supp.2d 52 (D.D.C. 2000); and, *Judicial Watch, Inc. v. Department of Defense*, 2006 U.S. Dist. LEXIS 44003, *1 (D.D.C. June 28, 2006). Judicial Watch regularly obtains information about the operations and activities of government through FOIA and other means, uses its editorial skills to turn this information into distinct works, and publishes and disseminates these works to the public. It intends to do likewise with the records it receives in response to this request.

Judicial Watch also is entitled to a complete waiver of both search fees and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Under this provision, records:

> shall be furnished without any charge or at a charge reduced below
> the fees established under clause (ii) if disclosure of the
> information is in the public interest because it is likely to
> contribute significantly to public understanding of the operations
> or activities of government and is not primarily in the commercial

FBI
June 1, 2011
Page 3 of 3

interest of the requester.

5 U.S.C. § 552(a)(4)(A)(iii).

In addition, if records are not produced within twenty (20) business days, Judicial Watch is entitled to a complete waiver of search and duplication fees under Section 6(b) of the OPEN Government Act of 2007, which amended FOIA at 5 U.S.C. § (a)(4)(A)(viii).

Judicial Watch is a 501(c)(3), not-for-profit, educational organization, and, by definition, it has no commercial purpose. Judicial Watch exists to educate the public about the operations and activities of government, as well as to increase public understanding about the importance of ethics and the rule of law in government. The
particular records requested herein are sought as part of Judicial Watch's ongoing efforts to document the operations and activities of the federal government and to educate the public about these operations and activities. Once Judicial Watch obtains the requested records, it intends to analyze them and disseminate the results of its analysis, as well as the records themselves, as a special written report. Judicial Watch will also educate the public via radio programs, Judicial Watch's website, and/or newsletter, among other outlets. It also will make the records available to other members of the media or researchers upon request. Judicial Watch has a proven ability to disseminate information obtained through FOIA to the public, as demonstrated by its long-standing and continuing public outreach efforts.

Given these circumstances, Judicial Watch is entitled to a public interest fee waiver of both search costs and duplication costs. Nonetheless, in the event our request for a waiver of search and/or duplication costs is denied, Judicial Watch is willing to pay up to $350.00 in search and/or duplication costs. Judicial Watch requests that it be contacted before any such costs are incurred, in order to prioritize search and duplication efforts.

In an effort to facilitate record production within the statutory time limit, Judicial Watch is willing to accept documents in electronic format (e.g. e-mail, .pdfs). When necessary, Judicial Watch will also accept the "rolling production" of documents.

If you do not understand this request or any portion thereof, or if you feel you require clarification of this request or any portion thereof, please contact us immediately at 202-646-5172 or mkownacki@judicialwatch.org. We look forward to receiving the requested documents and a waiver of both search and duplication costs within twenty (20) business days. Thank you for your cooperation.

Sincerely,

Matthew Kownacki
Judicial Watch