UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 16-cv-1888-RMC |
| U.S. DEPARTMENT OF JUSTICE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Judicial Watch, Inc., a 501(c)(3) nonprofit, filed a Freedom of Information Act request seeking records from the Federal Bureau of Investigation regarding any interviews of high-level Obama administration officials concerning Rod Blagojevich, the former governor of Illinois.

Unhappy with FBI's decision to withhold certain records, Judicial Watch has sued. The government now moves for summary judgment in its favor, arguing that it has met its FOIA obligations. Judicial Watch has also made a cross-motion for summary judgment in its favor. Upon review of the entire record, the Court agrees with the government; the Court will grant its motion and deny Judicial Watch's cross-motion.

**I. BACKGROUND FACTS**

**A. Judicial Watch's FOIA Request**

On May 9, 2012, Judicial Watch submitted a FOIA request via certified mail and fax to FBI's Record/Information Dissemination Section (RIDS).[1] *See* Decl. of David M. Hardy

---

[1] While the letter request is dated June 1, 2011, the parties agree that the request was actually made in May 2012. *See* Pl.'s Resp. to Def.'s Statement of Facts (Pl.'s SOF) [Dkt. 16] ¶ 1.

1

(Hardy Decl.) Ex. A, Judicial Watch Freedom of Information Act Request (FOIA Request) [Dkt. 13-2] at 1. This request sought records related to any and all FBI interviews with Barack Obama, Rahm Emanuel, and Valerie Jarrett that concerned Rod Blagojevich. *Id.*

Rod Blagojevich was criminally charged with multiple corruption-related crimes in 2008 after a federal investigation into his activities. Decl. of Debra Riggs Bonamici (Bonamici Decl.) [Dkt. 13-3] ¶¶ 5-6. After two trials, Mr. Blagojevich was convicted and appealed to the United States Court of Appeals for the Seventh Circuit. The Seventh Circuit ultimately affirmed his conviction, s*ee United States v. Blagojevich*, 854 F.3d 918 (7th Cir. 2017), and denied rehearing *en banc*, *see* Order, *Blagojevich*, No. 16-3254, ECF No. 53 (7th Cir. June 5, 2017). The parties briefed the instant motions while Mr. Blagojevich was continuing his appeal; the public record indicates that, at the time of this Memorandum Opinion's writing, the Supreme Court had most recently granted Mr. Blagojevich an extension of time to file a writ of certiorari to November 11, 2017. *See* Notice, *Blagojevich*, No. 16-3254, ECF No. 56 (7th Cir. August 4, 2017).

The FBI, a constituent entity of the Department of Justice, acknowledged receipt of the FOIA Request on May 23, 2012, and began searching for responsive records. Hardy Decl. ¶ 6. FBI RIDS employees searched FBI's Central Records System (CRS), a centralized records system encompassing the entire FBI organization, using the system's Automated Case Support (ACS), an electronic case management system. *Id.* ¶¶ 16-18; 22. RIDS searched ACS using a phonetic breakdown of the name "Rod Blagojevich" and then used further keyword searches within those records using the names of the individuals named in the FOIA request.

This search identified only three FD-302 forms, which are forms used to summarize "important facts and statements made by a potential witness in the course of an

interview conducted by FBI Special Agents, sometimes in conjunction with federal prosecutors." Bonamici Decl. ¶ 7. After concluding this search, FBI determined that all three FD-302s were exempt from disclosure because they were contained in a pending law enforcement investigative file, and informed Judicial Watch of this fact. Hardy Decl. ¶ 23. The FBI also performed a review of the responsive material after Judicial Watch filed this lawsuit, which yielded no additional records. *Id*. Thus all records responsive to Judicial Watch's request were withheld as exempt.

B. **Procedural History**

After filing a series of administrative appeals with DOJ, Judicial Watch filed this lawsuit on September 21, 2016.[2] On April 13, 2017, DOJ filed its Motion for Summary Judgment, *see* Def.'s Mot. Summ. J. (DOJ MSJ) [Dkt. 13]. Judicial Watch filed its Opposition, *see* Pl.'s Opp'n [Dkt. 15] and simultaneously filed a Cross-Motion for Summary Judgment, *see* Pl.'s Cross-Mot. Summ. J. (Judicial Watch MSJ) [Dkt. 16]. DOJ responded, *see* Def.'s Opp'n [Dkt. 17] and Def.'s Reply [Dkt. 18], and Judicial Watch submitted a final reply, *see* Pl.'s Reply [Dkt. 21]. The matter is now ripe for the Court's review.

## II. VENUE AND JURISDICTION

Section 552(a)(4)(B) of the U.S. Code grants subject matter jurisdiction over all actions brought under FOIA, and makes this an appropriate forum for venue purposes. 5 U.S.C. § 552(a)(4)(B) (2012) ("On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from

---

[2] Judicial Watch had previously filed a lawsuit, *Judicial Watch v. U.S. Dep't of Justice*, 16-cv-576 (D.D.C.), that contained similar allegations to this suit. The parties voluntarily dismissed that suit without prejudice on May 18, 2016.

withholding agency records and to order the production of any agency records improperly withheld from the complainant."); *see Jones v. Nuclear Regulatory Comm'n*, 654 F. Supp. 130, 131 (D.D.C. 1987).

The Court's jurisdiction under FOIA extends only to claims arising from the improper withholding of agency records. *See* 5 U.S.C. § 552(a)(4)(B); *see also Lazaridis v. U.S. Dep't of Justice*, 713 F. Supp. 2d 64, 66 (D.D.C. 2010) (citing *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983)).

### III. LEGAL STANDARDS

FOIA "represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 925 (D.C. Cir. 2003). Under FOIA, federal agencies must release records to the public upon request, unless one of nine statutory exemptions apply. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, a plaintiff must show that an agency has improperly withheld agency records. *See Odland v. FERC*, 34 F. Supp. 3d 1, 13 (D.D.C. 2014). The defending agency must demonstrate that its search for responsive records was adequate, that any invoked exemptions actually apply, and that any reasonably segregable non-exempt information has been disclosed after redaction of exempt information. *See id*.

FOIA cases are typically and appropriately decided on summary judgment. *See Sanders v. Obama*, 729 F. Supp. 2d 148, 154 (D.D.C. 2010). Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

4

56(c)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party moving for summary judgment "bears the initial responsibility . . . [to] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, a court must draw all justifiable inferences in favor of the nonmoving party and accept the nonmoving party's evidence as true. *See Anderson*, 477 U.S. at 255. The nonmoving party, however, must provide more than the "mere existence of a scintilla of evidence . . . . [T]here must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id*. at 252.

## IV. ANALYSIS

### A. Adequacy of the Search

The adequacy of an agency search is measured by its reasonableness, which depends on the individual circumstances of each case. *See Sanders*, 729 F. Supp. 2d at 154 (quoting *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)). Under FOIA, any "requester dissatisfied with the agency's response . . . may challenge the adequacy of the agency's search by filing a lawsuit in the district court after exhausting any administrative remedies." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999); *see also* 5 U.S.C. § 552(a)(4)(B). The defending agency then bears the burden of demonstrating "beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995).

An agency may show its search was reasonable, such that summary judgment in its favor is warranted, through an affidavit by a responsible agency official, "so long as the declaration is reasonably detailed and not controverted by contrary evidence or evidence of bad faith." *Sanders*, 729 F. Supp. 2d at 155. Accordingly, affidavits that include "search methods,

locations of specific files searched, descriptions of searches of all files likely to contain responsive documents, and names of agency personnel conducting the search are considered sufficient." *Citizens for Responsibility & Ethics v. Nat'l Archives & Records Admin.*, 583 F. Supp. 2d 146, 168 (D.D.C. 2008) (quoting *Ferranti v. BATF*, 177 F. Supp. 2d 41, 47 (D.D.C. 2001)).

Judicial Watch does not contest the adequacy of the IRS search for responsive records. Pl.'s Opp'n at 1 ("Plaintiff seeks only the 302s and therefore takes no issue with the scope of Defendant's search."). Upon review of the affidavits submitted by DOJ, which detailed the database search as well as the records identified, the Court concludes that DOJ met its obligation to conduct a reasonable search.

### B. Reliance on FOIA Exemptions

To prevail on a summary judgment motion in a FOIA case, a defending agency must demonstrate that any withheld information is exempt from disclosure, and that the agency segregated non-exempt materials. *See* 5 U.S.C. § 552(a)(4)(B). To meet this standard, agencies may provide "a relatively detailed justification through the submission of an index of documents, known as a *Vaughn* Index, sufficiently detailed affidavits or declarations, or both." *James Madison Project v. U.S. Dep't of Justice*, 208 F. Supp. 3d 265, 285 (D.D.C. 2016) (quoting *Ctr. for Int'l Envtl. Law v. U.S. Trade Representative*, 237 F. Supp. 2d 17, 22 (D.D.C. 2002)); *see also Vaughn v. Rosen*, 484 F. 2d 820, 827 (D.C. Cir. 1973).

The only records at issue in this case are three FD-302 reports. DOJ claims that all these records may be fully withheld from disclosure under two statutory exemptions:

Exemption 7(A) and Exemption 5.[3] DOJ Mem. in Support of Mot. Summ. J. (DOJ MSJ Mem.) [Dkt. 13-1] at 1. Exemption 7(A) allows agencies to withhold records which "could reasonably be expected to interfere with law enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Exemption 3, 5 U.S.C. § 552(b)(3), allows agencies to withhold records as to which disclosure is prohibited by another statute. Because the Court holds that the FD-302s are appropriately withheld under Exemption 7(A), it does not undertake a separate analysis of DOJ's other asserted exemptions. *See Utahamerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1123 (D.C. Cir. 2012) (explaining that the government need only prevail on one exemption).

Exemption 7(A) is intended to "prevent disclosures which might prematurely reveal the government's cases in courts, its evidence and strategies, or the nature, scope, and focus of investigations." *Maydak v. U.S. Dep't of Justice*, 218 F.3d 760, 762 (D.C. Cir. 2000). An agency asserting this exemption must show that the disclosure could reasonably be expected to cause harm to a pending investigation or law enforcement proceeding. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 224 (1978); *see also Campbell v. HHS*, 682 F.2d 256, 259 (D.C. Cir. 1982). "Exemption 7(A) permits the government to withhold 'documents related to an ongoing investigation from the investigation's target because disclosure would reveal the scope and direction of the investigation and could allow the target to destroy or alter evidence, fabricate fraudulent alibis, and intimidate witnesses.'" *EduCap Inc. v. IRS*, No. 07-cv-2106, 2009 WL 416428, at *5 (D.D.C. Feb. 18, 2009) (quoting *North v. Walsh*, 881 F.2d 1088, 1098 (D.C. Cir. 1989)). "Under exemption 7(A) the government is not required to make a specific factual showing with respect to each withheld document that disclosure would actually interfere with a

---

[3] DOJ also asserts that certain parts of the records are subject to withholding under Exemptions 3, 6, 7(C), and 7(E).

7

particular enforcement proceeding." *Id.* (citing *Barney v. IRS*, 618 F.2d 1268, 1273 (8th Cir. 1980)); *see also Robbins Tire*, 437 U.S. at 234-35. "Rather, federal courts may make generic determinations that, 'with respect to particular kinds of enforcement proceedings, disclosure of particular kinds of investigatory records while a case is pending would generally interfere with enforcement proceedings.'" *Barney*, 618 F.2d at 1273 (quoting *Robbins Tire*, 437 U.S. at 236).

Here, the records Judicial Watch requests are those "relating to any and all FBI interviews" of certain Obama administration officials "concerning or relating to Rod Blagojevich," who was subject to a federal criminal investigation. FOIA Request at 1. The FD-302s are forms intended to record "important facts and statements made by a potential witness in the course of an interview conducted by FBI Special Agents, sometimes in conjunction with federal prosecutors." Bonamici Decl. ¶ 7. The records are therefore well within the scope of law enforcement records covered by Exemption 7(A).

The bigger point of contention is whether the investigation and prosecution of Rod Blagojevich is still a "pending law enforcement proceeding." Exemption 7(A) exists because Congress "recognized that law enforcement agencies had legitimate needs to keep certain records confidential, lest the agencies be hindered in their investigations or placed at a disadvantage when it came time to present their cases" in court. *Robbins Tire & Rubber Co.*, 437 U.S. at 224. Still, Exemption 7(A) is not intended to "endlessly protect material simply because it was in an investigatory file." *Id.* at 230. While little caselaw discusses at what point an investigation can be said to be no longer pending, "[u]sually the 'purpose and point' of an investigation expires when its goal, the holding of an adjudicatory proceeding, is reached. Hence, an enforcement proceeding can generally be equated with a trial." *Moorefield v. U.S. Secret Serv.*, 611 F.2d 1021, 1025 (5th Cir. 1980). Courts have held that "[a] pending appeal of a

8

criminal conviction qualifies as a pending or prospective law enforcement proceeding for purposes of Exemption 7(A)," *Dugan v. U.S. Dep't of Justice*, 82 F. Supp. 2d 485, 500 (D.D.C. 2015), and courts have also allowed agencies to assert Exemption 7(A) during the pendency of collateral habeas proceedings brought under 28 U.S.C. § 2255. *See King v. U.S. Dep't of Justice*, No. 08-cv-1555, 2009 WL 2951124 at *6 (D.D.C. Sept. 9, 2009); *Johnson v. FBI*, 118 F. Supp. 3d 784, 793-95 (E.D. Pa. 2015).

Here, the public record indicates that Rod Blagojevich still has an opportunity to contest his conviction by seeking review by the Supreme Court. Judicial Watch argues that this is insufficient to support withholding records under Exemption 7(A) because any Supreme Court review would be only of Mr. Blagojevich's resentencing, and because DOJ has failed to articulate how release of the FD-302s could reasonably be expected to interfere with what remains with Mr. Blagojevich's appeal. Pl.'s Opp'n at 3.

However, the fact remains that (1) the FD-302s are records contained in a law enforcement investigative file that (2) is currently being directly appealed. That appeal may be very short-lived, but it is not the Court's role to guess how or when Rod Blagojevich's appeal may be resolved. Until the appeal is fully exhausted, disclosure of investigative materials could be reasonably expected to interfere with whatever occurs going forward. Rod Blagojevich has not exhausted his options for appeal before the courts, and, until that time at least, the government is entitled to preserve the strategies, theories, and impressions found in its investigative files.

Because Rod Blagojevich was already convicted in a public trial, there is an additional concern that records otherwise exempt under Exemption 7(A) have passed into the public domain. "Under our public-domain doctrine, materials normally immunized from

9

disclosure under FOIA lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). Had DOJ sought to withhold its entire file, it may have been appropriate for it to detail which, if any, records had passed into the public domain as a result of the trial. However, in this instance, only three records are at issue, none of which is alleged to have been introduced as an exhibit, or otherwise passed into the public domain. The Court concludes therefore that DOJ has adequately shown that the three FD-302s are exempt from disclosure under Exemption 7(A).

### C. Segregability

The only remaining question is whether DOJ adequately assessed whether any non-exempt portions of the withheld FD-302s are segregable from exempt information. While an agency may properly withhold records or parts of records under FOIA exemptions, it must release "any reasonably segregable portions" of responsive records that do not contain exempted information. *Schoenman v. FBI*, 575 F. Supp. 2d 136, 155 (D.D.C. 2008); 5 U.S.C. § 552(b). An agency bears the burden of demonstrating that all reasonably segregable portions of a record have been disclosed, and may do so by "offering an affidavit with reasonably detailed descriptions of the withheld portions of the documents and alleging facts sufficient to establish an exemption." *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir. 2008).

DOJ asserts that it made "every effort" to "provide plaintiff with all material in the public domain and with all reasonably segregable, non-exempt information." Hardy Decl. ¶ 25. "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

10

In this instance, the Court concludes that DOJ has met its burden to show no segregable information was inappropriately withheld. The only records withheld were three FD-302s, interview memos prepared by FBI investigators when speaking to potential witnesses. Exemption 7(A) is meant to apply broadly to an agency's "evidence and strategies, or the nature, scope, and focus of investigations," which can mean more than just simply the information contained therein. *Maydak*, 218 F.3d at 762. No evidence casts doubt on DOJ's sworn statement, and the Court finds that it has satisfied its obligation to release all segregable factual information. Accordingly, the Court finds that DOJ has met its burden.

## CONCLUSION

For reasons stated above, the Court will grant DOJ's Motion for Summary Judgment [Dkt. 13], and will deny Judicial Watch's Cross-Motion for Summary Judgment [Dkt. 16]. Judgment will be entered in favor of DOJ. A memorializing order accompanies this Memorandum Opinion.

Date: October 20, 2017 /s/
ROSEMARY M. COLLYER
United States District Judge