# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 19-5218**           **September Term, 2019**
FILED ON: April 17, 2020

JUDICIAL WATCH, INC.,
    APPELLANT

v.

UNITED STATES DEPARTMENT OF JUSTICE,
    APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:16-cv-01888)

---

Before: SRINIVASAN, *Chief Judge*, and TATEL and PILLARD, *Circuit Judges*.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be **AFFIRMED.**

On May 9, 2012, Judicial Watch submitted a Freedom of Information Act (FOIA) request to the Federal Bureau of Investigation (FBI) seeking any records of FBI interviews with former President Barack Obama, Valerie Jarrett, and Rahm Emanuel, concerning former Illinois Governor Rod Blagojevich. *Judicial Watch, Inc. v. DOJ*, 282 F. Supp. 3d 242, 246 & n.1 (D.D.C. 2017). Blagojevich was convicted of corruption-related crimes after a federal investigation into his activities while in office, including his attempt to financially profit from filling the Senate seat vacated by President Obama.

In response to Judicial Watch's request, the FBI, a constituent entity of the Department of Justice, identified three responsive documents: one "FD-302" form produced by FBI Special Agents for each of the three interviews. FD-302s are forms the FBI requires Agents to use to summarize "important facts and statements made by a potential witness in the course of an interview conducted by FBI Special Agents, sometimes in conjunction with federal prosecutors." *Id.* at 246–47 (quoting Decl. of Debra Riggs Bonamici ¶ 7). The FBI claimed that the three FD-

2

302s were exempt from disclosure under several FOIA Exemptions, two of which are relevant here: Exemption 5, which covers (among other things) materials falling within the attorney work-product privilege, and Exemption 7(A), which covers records that may interfere with an ongoing law enforcement proceeding. *See* 5 U.S.C. §§ 552(b)(5), (7)(A).

In 2017, the district court held that the FD-302s were properly exempt from disclosure pursuant to Exemption 7(A). 282 F. Supp. 3d at 250–51. But after the Supreme Court declined to review Blagojevich's case, *Blagojevich v. United States*, 138 S. Ct. 1545 (2018), effectively ending the law enforcement proceeding that served as the basis for asserting Exemption 7(A), our court vacated the district court's 2017 order and remanded the case for consideration of the other FOIA exemptions claimed by the government. *Judicial Watch, Inc. v. DOJ*, No. 17-5283, 2018 U.S. App. LEXIS 17653 (D.C. Cir. June 22, 2018). On remand, the district court agreed with the government that the FD-302s fell within the attorney work-product privilege covered by FOIA Exemption 5. *Judicial Watch, Inc. v. DOJ*, 391 F. Supp. 3d 43, 53 (D.D.C. 2019). The court thus granted summary judgment in favor of the government. *Id.*

On appeal, Judicial Watch contends that the government has not shown that the three FD-302s were prepared by FBI Special Agents acting as agents of the prosecuting attorneys in anticipation of litigation. As a result, Judicial Watch asserts, the FD-302s do not fall within the attorney work-product privilege and thus are not protected from disclosure under FOIA Exemption 5. We hold that the government met its burden under FOIA to demonstrate that the attorney work-product exemption applies to the FD-302s at issue. We therefore affirm the district court.

We review the district court's grant of summary judgment de novo. *ACLU v. DOJ*, 655 F.3d 1, 5 (D.C. Cir. 2011). We must determine whether the government has met its burden to demonstrate that the requested documents are exempt from disclosure. 5 U.S.C. § 552(a)(4)(B). In doing so, we chiefly rely on the government's descriptions of the content of the relevant documents as set forth in its supporting materials. *Nat'l Ass'n of Criminal Def. Lawyers v. Dep't of Justice Exec. Office*, 844 F.3d 246, 250 (D.C. Cir. 2016).

FOIA Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption covers the deliberative-process privilege, the attorney-client privilege, and, of relevance here, the attorney work-product privilege. *Nat'l Ass'n of Criminal Def. Lawyers*, 844 F.3d at 249. The attorney work-product privilege has traditionally been used to protect the "files and the mental impressions of an attorney." *Hickman v. Taylor*, 329 U.S. 495, 510 (1947); *see also* Fed. R. Civ. P. 26(b)(3). In the FOIA context, we have long held that documents prepared by non-attorneys in anticipation of litigation may also be protected by the privilege. *See Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184–87 (D.C. Cir. 1987).

Here, the government has adequately demonstrated that the FD-302s fit within the attorney work-product privilege for purposes of Exemption 5. The government's principal supporting affidavit comes from Debra Riggs Bonamici, one of the Assistant United States Attorneys (AUSAs) who worked alongside the FBI and other federal investigative agencies on the

3

Blagojevich investigation. Ms. Bonamici's declaration establishes that the information captured in the three FD-302s was "obtained because of the prospect of litigation." *United States v. Deloitte LLP*, 610 F.3d 129, 137 (D.C. Cir. 2010) (quoting *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998)). All three interviews took place in December 2008, the month of Blagojevich's arrest, and were undertaken "for the purpose of gathering evidence that could be presented to a grand jury and that could factor into the case to be presented at the trial." Bonamici Decl. ¶ 8, J.A. 32. The interviews were "conducted at the direction of the career DOJ prosecutors assigned," and prosecutors participated in determining the investigative strategy for each interview and in questioning the witnesses. *Id.* In addition, all of the AUSAs on the investigation team reviewed the FD-302s at issue. *Id.* ¶ 8, J.A. 33.

In those circumstances, the FD-302s reflect "the thoughts and opinions of counsel developed in anticipation of litigation" so as to fall within the attorney work-product privilege. *Deloitte LLP*, 610 F.3d at 136. Consequently, we affirm the district court's determination that the FD-302s are fully exempt from disclosure under FOIA Exemption 5. We also affirm the district court's conclusion that, because the "entire contents of the records at issue here constitute attorney work product, protected from disclosure by Exemption 5 in their entirety, there is no segregable information." *Judicial Watch*, 391 F. Supp. 3d at 53; *see Judicial Watch, Inc. v. DOJ*, 432 F.3d 366, 371 (D.C. Cir. 2005) ("If a document is fully protected as work product, then segregability is not required.").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**Per Curiam**

                                              FOR THE COURT:
                                              Mark J. Langer, Clerk

BY:    /s/
              Daniel J. Reidy
              Deputy Clerk